**IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION**

| | | |
|---|---|---|
| JOEY L. ACOSTA, | ) | Case No.:  **3:22-cv-662** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARATHON PETROLEUM CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendant, Marathon Petroleum Company, LP (improperly denominated by Plaintiff as "Marathon Petroleum Co.") ("Defendant"), as and for its Notice of Removal pursuant to 28 U.S.C. §1441(a) and 1446, respectfully states as follows:

1. On or about January 5, 2022, Plaintiff, Joey L. Acosta ("Plaintiff") filed a Complaint at Law ("Complaint") in the Circuit Court for the Second Judicial Circuit, in Crawford County, Illinois, captioned Acosta v. Marathon Petroleum Co., case no. 2022 LA 1 ("Lawsuit").

2. Pursuant to U.S.C. § 1446(a), copies of all process, pleadings, and orders served on or by Plaintiff upon Defendant in the Lawsuit are attached hereto as Exhibit A.

3. On or about January 21, 2022, Plaintiff asserts it served process upon Defendant, Global Scaffold.

4. On or about March 4, 2022, Plaintiff asserts it served process upon Defendant, Marathon.

5. Defendant, Global Scaffold Construction Services Inc. ("GSCS"), is also represented by undersigned counsel and affirmatively consents to the removal of this action by Defendant.

6. Defendant timely filed this Notice of Removal on April 1, 2022 within thirty (30) days of service of the Complaint and Summons upon it. See 28 U.S.C. § 1446(B); see also Ex. A.

7. Plaintiff's Lawsuit is a civil action that falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1446(a) and (b).

### BASIS FOR FEDERAL DIVERSITY JURISDICTION

8. This case is removable under 28 U.S.C. § 1446 because this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), which provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
>
> citizens of different States;
> citizens of a State and citizens or subjects of a foreign state;

28 U.S.C. § 1332(a).

9. Plaintiff's Lawsuit is not an action described in 28 U.S.C. §1445.

### Diversity of Citizenship

10. The controversy between Plaintiff, Defendant, and GSCS is a controversy between citizens of different states:

  i. Plaintiff, at the time of the commencement of the Lawsuit and at all times thereafter through and including the present time, is a citizen of the State of California (Ex. A. Compl. at ¶ 1 (stating Plaintiff "resides at 4550 Tweedy Blvd #D, City of South Gate, County of Los Angeles, State of California"));

  ii. Defendant Marathon is a limited partnership (not a corporation) organized under the laws of the State of Delaware, with its principal place of business in Findlay, Ohio[1];

---

[1]. Plaintiff wrongly alleged that Marathon Petroleum Co. is a corporation organized under the laws of the State of Illinois, with its principal place of business in Robinson, Crawford County, Illinois. Ex. A Compl. at ¶ 2. However, Marathon Petroleum Co. is Defendant's ultimate parent corporation, which is also organized under the laws of the State of Delaware and with its principal place of business in Findlay, Ohio. The proper party is Defendant, not Marathon Petroleum Co.

      iii.     Defendant Global Scaffold is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Walker, Louisiana.[2]

## Amount in Controversy

11.     Plaintiff alleges claims against Defendants "in a sum in excess of Fifty Thousand Dollars ($50,000.00) . . . ." Ex. A Compl. at Counts I and II.

12.     Although Plaintiff's Complaint merely recites the jurisdictional floor of $50,000.00 necessary to file a claim in law division in state court, Plaintiff's Complaint also indicates that he suffered:

- **a fall on September 17, 2021** he claims occurred as a direct and proximate result of the negligence of Defendants (which both deny), thereby causing him;
- **severe and permanent injuries, both external and internal** (indicating possible surgery or surgeries);
- that he asserts will **hinder and prevent him from attending to his usual duties** and affairs since the fall and through an unstated date in the future;
- causing him to suffer damages for the **loss of time** from the date of the fall through an unidentified point in the future;
- that he suffered **great pain and anguish, both in mind and body,** from the date of the fall through an unidentified point in the future; and
- that he "expended and became liable for, and will expend and become liable for, **large sums of money for medical care and services endeavoring to become healed and cured of said injuries**."

Ex. A Compl. at ¶¶ 16 & 26 (emphasis added).

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

---

[2].     Plaintiff wrongly alleged that GSCS has its principal place of business in Hanover, Massachusetts. Ex. A. at Compl. ¶ 3.

13. Plaintiff's allegations regarding his claimed damages (and those made in support of his claimed damages), along with Plaintiff's assertion that his medical care alone will cause him to be liable for "large sums of money," in addition to his alleged damages for loss of time and pain and anguish, indicates that Plaintiff will seek damages from Defendants in excess of the $75,000.00 jurisdictional limit of this Court.

### REMOVAL TO THIS DISTRICT IS PROPER

14. Pursuant to 28 U.S.C. § 1441(a), the removal of Plaintiff's Lawsuit to this Court is proper as this Court sits in the judicial district encompassing the place where Plaintiff's Lawsuit is pending. See 28 U.S.C. § 98(a).

15. Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of Plaintiff's Lawsuit from state court is proper.

16. Defendant Marathon hereby reserves the right to amend or supplement this Notice of Removal.

17. Defendant Marathon will provide Plaintiff, by and through his counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

18. Defendant Marathon is filing a copy of this Notice of Removal with the state court in which Plaintiff's Lawsuit is currently pending.

WHEREFORE, because this Court may exercise federal subject matter jurisdiction over Plaintiff's Lawsuit pursuant to 28 U.S.C. § 1332, removal is appropriate under 28 U.S.C. §§ 1441 and 1446.

Dated:  April 1, 2022April 1, 2022	Respectfully Submitted,

	MARATHON PETROLEUM COMPANY LP

	By:/s/ Brian Stokes

THE STOKES LAW OFFICE
133 South 11th Street
Suite 350
St. Louis, MO 63102
(314) 621-6969
(314) 231-9552 (fax)
stokeslawoffice@yahoo.com

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that this document was served by regular U.S. Mail, proper postage prepaid, from 133 South 11th Street, Suite 350, St. Louis, MO 63102 on or before 5:00 p.m. on April 1, 2022, with a courtesy copy via email, to the following:

Michael Fiorentino
FIORENTINO LAW OFFICES
432 N. Clark Street, Suite 202
Chicago, IL 60654
(312) 853-0050 tel.
(312) 853-3254 fax
michael@fiorentinolaw.com

	/s Brian Stokes